622 S.E.2d 540

**In the Matter of Tara Anderson THOMPSON, Respondent.**

No. 26069.

Supreme Court of South Carolina.

Submitted Sept. 27, 2005.

Decided Nov. 21, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Robert E. Bogan, Assistant Deputy Attorney General, both of Columbia, for Office of Disciplinary Counsel.

Tara Anderson Thompson, of Charleston, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of any sanction set forth in Rule 7(b), RLDE, Rule 413, SCACR. We accept the agreement and disbar respondent. The facts, as set forth in the agreement, are as follows.

## FACTS

### Matter I

On May 18, 2004, respondent was indicted by the State Grand Jury for the offense of distribution of cocaine by conspiracy in violation of South Carolina Code Ann. § 44–53–370(b)(2002). On February 18, 2005, she pled guilty and was sentenced to seven years imprisonment and fined $12,500.00, suspended upon payment of $2,000.00 and three years probation with certain conditions.[1]

### Matter II

Respondent represented Client A, a defendant who was in arrears on child support payments. Client A's mother made a

---

1. As indicated during the plea proceeding, respondent "hired" attorney Todd Anthony Strich sometime around April 2003 to work in her law office in Charleston County. (ODC asserts Strich did not actually work for respondent but that respondent shared her office space at no cost in exchange for Strich attending some hearings for respondent and rendering other legal assistance when necessary). Sometime after this arrangement began, respondent began purchasing cocaine from Strich in amounts ranging from one to three and one-half grams. From April 2003 to April 2004, respondent received approximately eight grams of cocaine a month from Strich and others. The cocaine was used by respondent and others. Although respondent never accompanied Strich or others to buy cocaine, on approximately twenty occasions she pooled her money with him and with others so that cocaine could be purchased.

partial payment of $1,000.00 on behalf of Client A and respondent arranged for the plaintiff to execute an affidavit that she had received the payment. The plaintiff executed the affidavit.

Thereafter, respondent altered the affidavit by "whitening out" the $1,000.00 figure and entering the full amount of Client A's arrearage. At the hearing, respondent represented to the court that full payment had been made by or on behalf of Client A and offered the affidavit in support of that representation. The court did not accept the affidavit and required the plaintiff to be present to testify.

At a subsequent hearing, the plaintiff testified that $1,000.00 had been the amount shown on the affidavit when she signed it. It was discovered during this hearing that the original amount had been "whited out" and that a different amount had been written in.

Respondent denied having altered the affidavit in her response to ODC's Notice of Full Investigation and, again, during her Rule 19(c)(4) interview, but now acknowledges that she did alter the affidavit and her representations to the contrary were not correct.

### Matter III

Respondent was scheduled to appear in magistrate's court for a trial at 2:00 p.m. Respondent's secretary telephoned the magistrate's office at approximately 12:15 p.m. and said she was unsure respondent would be able to attend the trial. Respondent's secretary was instructed to call back after 1:00 to speak with a certain member of the judge's staff. Respondent's secretary called as instructed and reported that respondent would not be able to attend due to a sick child.

The magistrate was informed of respondent's secretary's call and called the secretary. The judge denied a continuance because this was the third time respondent had called requesting a continuance just prior to the hearing.

After swearing the jury, the judge was notified that respondent wanted to speak with him by telephone. The judge informed respondent that the continuance was denied and gave his reasons for the ruling. The judge reported respon-

dent became upset and began using profane language toward him and continued to do so despite five or six requests to refrain from such conduct. The judge eventually ended the conversation by hanging up the telephone. Respondent acknowledges being upset with the judge's denial of the continuance and to using obscenities in her conversation with the judge.

## Matter IV

After receiving an unfavorable ruling in court, respondent raised her voice while being addressed by the judge. The judge admonished respondent to lower her voice or be held in contempt. Shortly after respondent left the courtroom, a loud thumping noise was heard along the wall bordering the jury box. The noise startled the entire court, including the jury.

Upon hearing the commotion, the judge ordered a bailiff to bring the person causing the disturbance into the courtroom. Respondent was brought in and gave the explanation that she stomped her foot in an attempt to reseat the heel on her shoe and denied intentionally disrupting the court. A sheriff's deputy who was present in the hallway gave a written statement that he saw respondent kick the wall in the hallway and heard respondent call the judge a "god damn asshole."

In response to ODC, respondent denied using the term "god damn" but acknowledged calling the judge an "asshole" under her breath. Respondent further explained her heel came loose so she stamped the heel of her shoe back against the wall twice.

## Matter V

Respondent represented Client B on a probation revocation matter. On the day before the scheduled hearing, respondent requested a continuance on the grounds that she was required to be in federal court, but did not confirm whether the continuance was granted. The hearing went forward and Client B's probation was revoked.

## Matter VI

Respondent represented Client C on a charge of driving under the influence. Client C alleges court was scheduled on

four occasions, that he appeared as required, but that respondent did not appear at any time. He further alleges respondent did not inform him that she was not able to appear.

Respondent acknowledges that Client C's matter had been scheduled for court on a number of occasions but that she was required to be in a court of higher jurisdiction and that, in any event, the delays were ultimately in Client C's best interest. Respondent further represents that she thought Client C had been notified of the conflicts but acknowledges that, in the press of business, such notification may not have been sent.

## Matter VII

Respondent represented Client D on various traffic charges pending in Charleston Municipal Court. Respondent made inconsistent statements to the prosecutor concerning receipt of notice of certain court proceedings and requests for continuances. Client D's case was removed from the jury roster after it became apparent respondent failed to appear.

## Matter VIII

Respondent ordered a transcript from a court reporter. She failed to pay for the transcript.

## LAW

Respondent admits that, by her misconduct, she has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep client reasonably informed about status of a matter and promptly comply with reasonable requests for information); Rule 3.1 (lawyer shall not assert an issue unless there is a basis for doing so that is not frivolous); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with interests of client); Rule 3.3 (lawyer shall not make false statement of fact to tribunal); Rule 3.4 (lawyer shall not unlawfully alter a document having potential evidentiary value; lawyer shall not falsify evidence); Rule 3.5 (lawyer shall not engage in conduct intended to disrupt a tribunal); Rule 4.1 (in the course of representing a client, lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 8.4(a) (it is professional

misconduct for lawyer to violate Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(c) (it is professional misconduct for lawyer to engage in conduct involving moral turpitude); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice).[2] Respondent further admits that her misconduct constitutes grounds for discipline under the following provisions of Rule 7, RLDE, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for a lawyer to violate the Rules of Professional Conduct); Rule 7(a)(4) (it shall be ground for discipline for a lawyer to be convicted of a serious crime or crime of moral turpitude); and Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent. Respondent's request that the disbarment be made retroactive to the date she was placed on interim suspension is denied.[3]

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that she has complied with Rule 30 of Rule 413, SCACR, and shall also surrender her Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

**2.** Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

**3.** On May 24, 2004, respondent was placed on interim suspension. *In the Matter of Thompson*, 359 S.C. 82, 597 S.E.2d 141 (2004).